UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL N. SCOUTEN, *et al.*,

    Plaintiffs,

v.

MIDLAND COUNTY JAIL, *et al.*,

    Defendants.
_____/

Civil Action No.: 20-11708
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 33]**

**I.    Introduction**

Plaintiff Cory O. Derrick is one many inmates who, proceeding *pro se*, sues Midland County and Advanced Correctional Healthcare, Inc. under 42 U.S.C. § 1983. [ECF No. 1].[1] Derrick now moves for preliminary injunctive relief. [ECF No. 33].[2] The Honorable Paul D. Borman referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b). [ECF No. 57]. The Court recommends that Derrick's motion be denied.

---

[1] Plaintiffs named Midland County Jail and Dr. Chellam as defendants, but the claims against them have been dismissed.

[2] In the same motion, Derrick requested appointment of counsel. The Court will address that request for relief in a separate order.

## II. Background

Plaintiffs complain that the Midland County Jail has inadequately protected them during the COVID-19 pandemic. [ECF No. 1, PageID.5-9]. The alleged inadequacies include lack of coronavirus testing for inmates, officers, and food handlers; and lack of personal protective equipment and ability to practice social distancing. [*Id.*]. Plaintiffs contend that defendants have violated their rights under the Fifth and Sixth Amendments, and the Equal Protection Clause of Fourteenth Amendment. [*Id.*]. Among other requests for relief, plaintiffs request better COVID-19 protections, money damages, and the release of prisoners who are old, have respiratory issues, or have high blood pressure. [*Id.*].

In his motion for preliminary injunction, Derrick asserts that he suffers "constant physical pain and emotional duress, mental frustration due to the ineffectiveness of counsel; and gross negligence and deliberate indifference by Midland County." [ECF No. 33, PageID.168]. He requests that the Court grant him an assortment of injunctive relief. [*Id.*].

## III. Analysis

The Court does not take lightly Derrick's concerns about the pandemic or the strain he experiences from being prosecuted and confined

in jail. But Derrick's motion fails to show that he is entitled to the injunctive relief he requests.

Derrick's sundry prayers for relief include directing defendants to provide him with immediate healthcare from a "competent source outside of Midland County"; professionally clean or replace his CPAP machine; perform a new sleep study, CAT scan, MRI and x-ray; and send him to a neurologist. [ECF No. 33, PageID.168]. Derrick also requests relief related to his state court criminal case. [*See id.*, PageID.170]. He requests an "injunction to send [his] objection to picking [a] jury over Zoom." [*Id.*].[3] And complaining that his criminal attorney has been ineffective, and that the presiding state court judge sentenced him for contempt because of the judge's racial animus, Derrick asks the Court "to investigate any and all civil and constitutional rights violat[ed]" during his state court prosecution. [*Id.,* PageID.169].

Derrick's requests for relief related to his state criminal case are unrelated to the claims in his complaint. "Courts consistently deny motions for preliminary injunctions where the requested relief is unrelated to the

---

[3] Derrick's request about Zoom proceedings does not concern the matter in this Court. The letter attached to his motion shows that it concerns a case before the Honorable Michael J. Beale of the 42nd Circuit Court; *Poe v. Cory O. Derrick*, case number 20-8459. [ECF No. 33, PageID.170].

3

conduct alleged in the complaint." *Worth v. Wamsley*, No. 2:17-CV-43, 2017 WL 1227672, at *2 (S.D. Ohio Apr. 4, 2017), *adopted*, No. 2:17-CV-00043, 2018 WL 1315017 (S.D. Ohio Mar. 14, 2018) (collecting cases). And the Court has no jurisdiction to grant Derrick's plea for an investigation of the sentence for contempt imposed by the state court judge. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a request for relief "based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983").

Although plaintiffs requested in their complaint that inmates with respiratory issues be released because of the pandemic, Derrick's does not explain how his requests for medical relief relate to COVID-19. [See ECF No. 33, PageID.168]. He makes no connection between the pandemic and his requests for an examination by an outside provider and a neurologist; to clean or replace his CPAP machine; and for a sleep study and other diagnostic testing. [*Id.*]. Since Derrick did not tie his requests for medical relief to the claims in the complaint, those requests should be denied. *Worth*, 2017 WL 1227672 at *2. And even if the medical issues Derrick addresses in his motion relate to the pandemic, he does not meet his burden of showing that injunctive relief should be granted.

Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary remedy." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). To decide whether an injunction is warranted, the Court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). These factors guide the Court in resolving the motion, but are not rigid prerequisites. *Sandison v. Mich. High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). That said, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The movant bears a heavy burden of proving entitlement to injunctive relief. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

### 1. *Likelihood of Success on the Merits*

Derrick claims that his pleas for medical treatment and care were met with "gross negligence and deliberate indifference by Midland County." [ECF No. 33, PageID.168]. He states that the preliminary injunctive relief should be granted "to prevent any further irreparable nerve damage." [*Id.*].

For an inmate to succeed on a claim of deliberate indifference to a serious medical need, he must establish both an objective and subjective component. *Rhinehart v. Scutt*, 894 F.3d 721, 737-38 (6th Cir. 2018). The objective component "requires a showing of care so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (internal citations and quotation marks omitted). The claim of inadequate treatment and its detrimental effect must be supported with verifying medical evidence. *Id.* An inmate's desire for additional or different treatment does not suffice; he must offer medical evidence to show the medical necessity for the desired treatment. *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017).

Derrick provides no affidavit or verifying medical evidence to show the detrimental effect of the inadequate treatment he alleges. The only medical evidence Derrick provides shows that he was tested for COVID-19,

6

with negative results. [ECF No. 33, PageID.171-173]. Derrick has thus failed to show that he has a strong likelihood of success on the merits.

### 2.  *Irreparable Injury*

Derrick also fails to satisfy the irreparable injury factor. "Although the four factors must be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). The irreparable injury alleged must be "both certain and immediate, rather than speculative or theoretical." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir.1991).

According to Derrick, he suffers "constant physical pain," "emotional duress" and "mental frustration" because of the defendants' gross negligence and deliberate indifference. [ECF No. 33, PageID.168]. But he provides no evidence that defendants have caused the pain, duress, and frustration from which he suffers. And any potential injuries from COVID-19 are speculative; he has not tested positive for the virus.

Although Derrick is proceeding *pro* se, and is thus held to a less stringent standard, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). He still bears the burden of proof that "irreparable injury is *likely* in the absence of an injunction."

7

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). Derrick does not meet that burden.

Because Derrick has failed to show a strong likelihood of success on the merits or irreparable injury absent an injunction, analysis of the remaining factors—substantial harm to others and the public interest—is unnecessary. His motion for preliminary injunction should be denied.

### IV.    Conclusion

The Court finds that Derrick's motions for preliminary injunctive relief should be **DENIED [ECF NO. 33]**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 25, 2021

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 25, 2021.

                s/Marlena Williams
                MARLENA WILLIAMS
                Case Manager