UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL N. SCOUTEN, *et al.*,

        Plaintiffs,        Civil Action No. 20-11708
                                      Honorable Paul D. Borman
v.                                     Magistrate Judge Elizabeth A. Stafford

MIDLAND COUNTY JAIL, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.'S
MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY
<u>MOTION TO DISMISS [ECF NO. 96]</u>**

**I.   Introduction**

Plaintiffs, who are pro se inmates proceeding pro se, sue Midland County and Advanced Correctional Healthcare, Inc. (ACH), under 42 U.S.C. § 1983.[1] ACH moves for summary judgment, or alternatively for dismissal, arguing that plaintiffs failed to exhaust their administrative remedies and state a claim against ACH. ECF No. 96.[2]

---

[1] Other defendants were dismissed in December 2020. ECF No. 56.

[2] The Honorable Paul D. Borman referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b). ECF No. 57.

The Court recommends that defendant's motion be granted.

## II.   Background

Plaintiffs' complaint alleges that they were housed in conditions with inadequately protection against COVID-19, including lack of coronavirus testing, protective equipment, and ability to practice social distancing.  ECF No. 1, PageID.5-9.  According to the complaint, the "jail is not a safe place right now when Midland County and Advanced Correctional Healthcare refuses to use any funding for testing, mask, gloves, cleaning product like bleach."  *Id.*, PageID.8.  Plaintiffs assert that the failure to provide the listed protections violated their rights under the Fifth and Sixth Amendments, and the Equal Protection Clause of Fourteenth Amendment.  *Id.*

Plaintiffs claim that they submitted grievances with ACH but received "[n]o response at all."  *Id.*, PageID.11.  They assert that because of the "unsafe living conditions," they have suffered "DEEP psychological, mental, emotional and spiritual pain and duress."  *Id.*, PageID.9.  Among the litany of relief sought, plaintiffs request better COVID-19 protections, money damages, and early release for those inmates with certain underlying health conditions.  *Id.*

In its motion for summary judgment, ACH argues that plaintiffs failed to properly exhaust administrative remedies before commencing this

2

lawsuit. ECF No. 96, PageID.361-374. Alternatively, it argues that the complaint should be dismissed because plaintiffs "inappropriately attributed all their claims and factual inferences against the remaining Defendants as a collective whole" and because ACH "cannot be held liable under § 1983 on the basis of *respondeat superior* or vicarious liability." *Id.*, PageID.374-380. The Court finds that plaintiffs did not properly exhaust, and thus does not address ACH's alternative argument.

### III. Analysis

#### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant

3

satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted).

Requiring exhaustion allows prison officials a chance to resolve disputes about the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S.

4

199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford*, 548 U.S. at 97. Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Woodford*, 548 U.S. at 97.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

Under the Midland County Jail grievance procedure, the Jail Lieutenant accesses the Command system at least once a day to look for pending grievances, and must respond to the grievant with a decision

5

within 72 hours.  ECF No. 96-1, PageID.383.  An inmate disagreeing with the decision must file a written appeal to the Jail Captain within five days. *Id.*  ACH argues that Scouten, Fox, Lyon, Streu, and Thompson filed no grievances related to COVID-19 or inadequate medical care, and that no plaintiff filed an appeal to the Jail Captain within five days of receiving a response to their grievance.  ECF No. 96, PageID.358-373.  Review of the grievance records confirm that Scouten, Fox, Lyon, Streu, and Thompson each filed numerous grievances, but none concerned the COVID-19 allegations contained in plaintiffs' complaint.  *See* ECF No. 96-2; ECF No. 96-4; ECF No. 96-5; ECF No. 96-7; ECF No. 96-8.  ACH thus contends that no plaintiff exhausted his administrative remedies before filing suit.

Though three of the remaining plaintiffs responded to ACH's motion—Streu, Fox, and Derrick—none put forth evidence to counter ACH's motion that they did in fact properly exhaust administrative remedies.  ECF No. 99; ECF No. 101; ECF No. 104.  Streu states in his response, "I am at this time not concurring or agreeing with the relief sought by [ACH]."  ECF No. 99, PageID.672.  Fox contends, "We as inmates did ask staff members for masks and cleaning supplies, staff member made it clear that we did not need them," but he does not suggest that he properly exhausted his administrative remedies.  ECF No. 101, PageID.676.  Derrick responds that

6

he tried to exhaust his administrative remedies by writing to ACH, and submitting an ethics complaint to County Clerk Ann Manary. ECF No. 104, PageID.684. Those efforts did not comply with the jail's grievance procedures. ECF No. 96-1. Derrick may not have known the proper procedures, but that does not excuse his failure to follow them. *See Napier v. Laurel Cnty.*, 636 F.3d 218, 221-22 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy."); *Brock v. Kenton Cnty.*, 93 F. App'x 793, 797-98 (6th Cir. 2004) (rejecting inmate's argument that exhaustion should be excused because he was not aware of jail's grievance system).

ACH's motion for summary judgment should be granted.

## C.

Midland County has never appeared in this action, but the claims against it should be dismissed. Although failure to exhaust is an affirmative defense, courts have "held that where a plaintiff clearly fails to exhaust his administrative remedies for claims asserted against defendants who have not appeared, the Court may nonetheless dismiss the claims *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A." *Coleman v. Snyder*, No. 17-11730, 2018 WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018). *Sua sponte* dismissal is especially warranted when "the claims against non-

7

appearing defendants are the same as those against appearing-defendants." *Id. See also Threatt v. Williams-Ward*, No. CV 15-12585, 2016 WL 6653013, at *6 (E.D. Mich. July 13, 2016), *adopted*, 2016 WL 4607639 (E.D. Mich. Sept. 6, 2016) ("Threatt failed to exhaust his administrative remedies for his claims against defendants who have not appeared, such that they should be *sua sponte* dismissed pursuant to §§ 1915(e)(2)(B) and 1915A."). Plaintiffs here assert the same unexhausted claims against Midland County as they did against ACH, so the claims against Midland County should be dismissed *sua sponte*.

## IV. Conclusion

The Court **RECOMMENDS** that the ACH's motion for summary judgment, or alternatively motion to dismiss, **[ECF No. 96]**, be **GRANTED**, and that plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 27, 2021

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
