UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL N. SCOUTEN,
*et al.*,

                Plaintiffs,

v.

ADVANCED CORRECTIONAL
HEALTHCARE, INC., *et al.*,

                Defendants.
_____/

Case No. 20-cv-11708

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

**OPINION AND ORDER:**
**(1) ADOPTING MAGISTRATE JUDGE STAFFORD'S MAY 27, 2021**
**REPORT AND RECOMMENDATION (ECF NO. 117);**
**(2) OVERRULING PLAINTIFFS' OBJECTIONS (ECF NOS. 121, 122);**
**(3) GRANTING DEFENDANT ADVANCED CORRRECTIONAL**
**HEALTHCARE, INC.'S MOTION FOR SUMMARY JUDGMENT OR**
**ALTERNATIVELY MOTION TO DISMISS (ECF NO. 96); AND**
**(4) SUA SPONTE DISMISSING PLAINTIFFS' CLAIMS AGAINST**
**DEFENDANT MIDLAND COUNTY FOR FAILURE TO EXHAUST**
**ADMINISTRATIVE REMEDIES**

On May 27, 2021, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation to Grant Defendant Advanced Correctional Healthcare, Inc.'s Motion for Summary Judgment or Alternatively Motion to Dismiss. (ECF No. 117, Report and Recommendation ("R&R").) Judge Stafford also recommended that Plaintiffs' claims against Defendant Midland County be dismissed sua sponte for failure to exhaust administrative remedies. (*Id.*) Two plaintiffs, Cory O'dell Derrick

and Andrew J. Streu, filed separate Objections to the R&R, which are now before this Court for resolution. (ECF No. 121, Plaintiff Derrick's Objections) (ECF No. 122, Plaintiff Streu's Objections.) Defendant Advanced Correctional Healthcare, Inc. filed separate Responses to both Plaintiffs' Objections. (ECF No. 125, Defendant ACH's Response to Plaintiff Derrick's Objections) (ECF No. 126, Defendant ACH's Response to Plaintiff Streu's Objections.)

The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the R&R to which specific and timely objections have been filed, OVERRULES Plaintiffs' Objections, ADOPTS the Report and Recommendation, GRANTS Defendant Advanced Correctional Healthcare Inc.'s Motion for Summary Judgment or Motion to Dismiss (ECF No. 96), and sua sponte DISMISSES Plaintiffs' claims against Defendant Midland County for failure to exhaust administrative remedies.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Twenty jail inmates, proceeding pro se, filed a joint civil rights complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of their confinement at the Midland County Jail, and naming four defendants: Midland County Jail, Advanced Correctional Healthcare, Inc., County of Midland, and Dr. Nisa Chellum. (ECF No. 1, Compl.) The Court previously dismissed 15 plaintiffs after they failed to correct filing deficiencies (ECF No. 41), dismissed defendants Midland County Jail and Dr.

Chellum (ECF No. 56), and dismissed Plaintiffs' claims alleging a violation of the Equal Protection Clause and their claims concerning commissary prices, excessive bail, adequacy of legal representation, and involuntary servitude, for failure to state a claim. (*Id.*) As a result, Plaintiffs Daniel Scouten, Cory O'dell Derrick, Douglas R. Fox, Kelvin W. Lyon, Adam Dimond, Andrew Streu, and Michael Thompson's[1] remaining claims allege insufficient protection from COVID-19 and inadequate medical care related to COVID-19 against Defendants Advanced Correctional Healthcare (ACH) and Midland County.

Specifically, Plaintiffs' Complaint alleges that they were housed in conditions with inadequate protection against COVID-19, including lack of coronavirus testing, protective equipment, and ability to practice social distancing. (Compl., PageID.5-9.) According to the Complaint, the "jail is not a safe place right now when Midland County and Advanced Correctional Healthcare refuses to use any funding for testing, mask, gloves, cleaning product like bleach." (*Id.*, PageID.8.) Plaintiffs assert that the failure to provide the listed protections violated their constitutional rights. (*Id.*)

Plaintiffs claim that they submitted grievances with ACH but received "[n]o response at all." (*Id.*, PageID.11.) They assert that because of the "unsafe living

---

[1] Michael Thompson is not yet a plaintiff in this case, but he moved to be added to this case on October 26, 2020. (ECF No. 37.) Defendant ACH addressed Mr. Thompson's claims in its motion for summary judgment, and Judge Stafford addressed Mr. Thompson's claims in her R&R, so this Court will also include Mr. Thompson's claims here.

3

conditions," they have suffered "DEEP psychological, mental, emotional and spiritual pain and duress." (*Id.*, PageID.9.) Among the litany of relief sought, Plaintiffs request better COVID-19 protections, money damages, and early release for those inmates with certain underlying health conditions. (*Id.*)

Defendant ACH filed a motion for summary judgment arguing that Plaintiffs failed to properly exhaust administrative remedies before bringing this lawsuit. (ECF No. 96, ACH Mot. S.J.) Alternatively, ACH argued that the Complaint should be dismissed because Plaintiffs "inappropriately attributed all their claims and factual inferences against the remaining Defendants as a collective whole" and because ACH "cannot be held liable under § 1983 on the basis of respondeat superior or vicarious liability." (*Id.*) Plaintiffs Streu, Fox and Derrick filed responses to ACH's motion (ECF Nos. 99, 101, 104), and Defendant ACH filed a reply. (ECF No. 113.)

On May 27, 2021, the Magistrate Judge issued the R&R, recommending that ACH's motion for summary judgment be granted and that Plaintiffs' claims be dismissed without prejudice because Plaintiffs failed to exhaust their administrative remedies on their claims against Defendant ACH. (ECF No. 117, R&R.) The R&R further recommended that the Court sua sponte dismiss Plaintiffs' claims against Defendant Midland County because Plaintiffs assert the same unexhausted claims against that defendant. (*Id.*)

4

Plaintiffs Streu and Derrick have filed Objections to the R&R (ECF Nos. 121, 122), to which Defendant ACH has responded. (ECF Nos. 125, 126.)

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3

(E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. ANALYSIS

#### A. Exhaustion of Administrative Remedies

The R&R recommends dismissing Plaintiffs' claims for failure to exhaust administrative remedies. Before turning to the specific objections to the R&R, the Court will briefly review the governing exhaustion rules and findings in this case.

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted).

Requiring exhaustion allows prison officials a chance to resolve disputes about the exercise of their responsibilities before being haled into court and produces

6

a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford*, 548 U.S. at 97. Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Woodford*, 548 U.S. at 97.

Under the Midland County Jail grievance procedure, the Jail Lieutenant accesses the Command system at least once a day to look for pending grievances, and must respond to the grievant with a decision within 72 hours. (ECF No. 96-1, PageID.383.) An inmate disagreeing with the decision must file a written appeal to the Jail Captain within five days. (*Id.*)

Defendant ACH presented summary judgment evidence showing that Plaintiffs Scouten, Fox, Lyon, Streu, and Thompson filed a number of grievances, but none concerned the COVID-19 allegations contained in Plaintiffs' Complaint, and that no plaintiff filed an appeal to the Jail Captain within five days of receiving a response to their grievance. (ECF Nos. 96-2 to 96-8.) ACH thus presented summary judgment evidence that no plaintiff exhausted his administrative remedies

7

prior to filing this lawsuit. The three plaintiffs who responded to ACH's motion failed to put forth any evidence that they did in fact properly exhaust administrative remedies. (See ECF Nos. 99, 101, 104.) The Magistrate Judge thus found that no plaintiff exhausted his administrative remedies before filing suit, and recommended dismissing Plaintiffs' claims without prejudice.

### B.    Plaintiff Streu's Objections (ECF No. 121)

Plaintiff Streu asserts three objections to the R&R, but none of those objections address the dispositive finding in the R&R that Plaintiffs failed to exhaust their administrative remedies. Instead, Streu complains that: (1) he requested to be tested for COVID-19 but was "denied multiple times"; (2) when he was tested, he and others were transferred out of the Midland County Jail before receiving COVID-19 test results; and (3) inmates' requests for masks, gloves, and cleaning supplies have been denied. (ECF No. 121, Pl. Streu's Obj.)

However, as Defendant ACH properly states in its Response, Plaintiff Streu fails to set forth any legal argument as to how Magistrate Judge Stafford erred in finding that Plaintiffs failed to exhaust their administrative remedies. Accordingly, Plaintiff Streu fails to demonstrate any specific error in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, and Plaintiff Streu's objections are OVERRULED.

### C.    Plaintiff Derrick's Objections (ECF No. 122)

Plaintiff Derrick asserts six objections to the R&R, but, as with Plaintiff Streu, most of the objections fail to address the dispositive finding in the R&R that Plaintiffs failed to exhaust their administrative remedies, or demonstrate any specific error in the Magistrate Judge's analysis.

Derrick's first objection is that "[d]ue to the imminent dangers of Covid-19 … it was impossible to exhaust the administrative remedies[.]" (Pl. Derrick's Obj. at PageID.836.) However, the Court notes that during this time period, Derrick did file 16 grievances, which were all responded to but not appealed to the Jail Captain. (ECF No. 96-3.) Derrick has failed to demonstrate how he was prevented from exhausting his administrative remedies, or that he should be excused from doing so. The Magistrate Judge relied on appropriate law in finding that the PLRA requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. The PLRA does not contain an exception to the exhaustion requirement "for 'exigent circumstances,' be they medical exigencies or otherwise." *Boulding v. Mich. Dept. of Corr.*, No.13-14325, 2015 WL 136195, at *2 (E.D. Mich. Jan. 5, 2015), *report and recommendation adopted by* 2015 WL 1510446 (E.D. Mich. Mar. 24, 2015); *Cochran v. Caruso*, No. 07-228, 2008 WL 397597, at *5 (W.D. Mich. Feb. 11, 2008) (collecting cases). As a result, "[w]hen a prisoner has filed a civil rights complaint in federal court without first exhausting

his administrative remedies, dismissal of the complaint is appropriate." *Williams v. Norton*, 23 F. App'x 396, 397 (6th Cir. 2001) (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1002, 1104 (6th Cir. 1998)). Because Plaintiff Derrick has not proffered any evidence to show that he properly exhausted his administrative remedies prior to filing suit, his first objection is OVERRULED.

Derrick's second objection is that his C-Pap machine was not cleaned until May 17, 2021. (Pl. Derrick's Obj. at PageID.836.) This statement fails to set forth any legal argument as to how Magistrate Judge Stafford erred in finding that Plaintiffs failed to exhaust his administrative remedies. Accordingly, Plaintiff Derrick fails to demonstrate any specific error in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, and his second objection is OVERRULED.

Derrick's third objection is that he filed an ethics complaint with the County Clerk Ann Manary. (Pl. Derrick's Obj. at PageID.836.) Plaintiff made this same argument in response to ACH's motion for summary judgment, and the Magistrate Judge correctly explained that this effort did not comply with the jail's grievance procedure. (R&R at p. 7, PageID.812.) Derrick's failure to follow the proper procedure is not excused. *See Napier v. Laurel Cnty.*, 636 F.3d 218, 221-22 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of

10

the law or the grievance policy."); *Brock v. Kenton Cnty.*, 93 F. App'x 793, 797-98 (6th Cir. 2004) (rejecting inmate's argument that exhaustion should be excused because he was not aware of jail's grievance system). As Derrick fails to demonstrate any error in the Magistrate Judge's decision, his third objection is OVERRULED.

Plaintiff's fourth objection (labeled Objection #5) is merely the Eastern District of Michigan Administrative Order No. 20-AO-039, extending the excludable time under the Speedy Trial Act, 28 U.S.C. § 3161(h)(7) in criminal matters. (Pl. Derrick's Obj. at PageID.838-39.) Plaintiff fails to show how this Administrative Order relates to the R&R's finding that Plaintiffs failed to exhaust their administrative remedies prior to filing suit. Accordingly, Plaintiff's fourth objection is OVERRULED.

Plaintiff Derrick's fifth objection (labeled Objection #6) is difficult to discern, but seems to complain that the administration failed to comply with the Governor's safety ordinances. (Pl. Derrick's Obj. at PageID.840.) Again, this objection fails to identify any specific error in the Magistrate Judge's analysis and findings, and is therefore OVERRULED.

Plaintiff Derrick's sixth objection (labeled Objection #7) complains that he was "forced with no option but the Johnson and Johnson vaccine" and that "positive Covid-19 inmates and sick inmates from the vaccine have not been separated." (Pl. Derrick's Obj. at PageID.841.) As above, this objection fails to identify any specific

11

error in the Magistrate Judge's analysis and findings that Plaintiff Derrick failed to exhaust his administrative remedies, and it is therefore OVERRULED.

### D. Sua Sponte Dismissal of Defendant Midland County

The Magistrate Judge also recommended that because the Plaintiffs assert the same unexhausted claims against Midland County as the do against ACH, the Court should sua sponte dismiss Plaintiffs' claims against Midland County for failure to exhaust administrative remedies. (R&R at pp. 7-8, PageID.812-13.) Judge Stafford explains that:

> Although failure to exhaust is an affirmative defense, courts have "held that where a plaintiff clearly fails to exhaust his administrative remedies for claims asserted against defendants who have not appeared, the Court may nonetheless dismiss the claims sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A." *Coleman v. Snyder*, No. 17-11730, 2018 WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018). Sua sponte dismissal is especially warranted when "the claims against non-appearing defendants are the same as those against appearing defendants." *Id*. *See also Threatt v. Williams-Ward*, No. CV 15-12585, 2016 WL 6653013, at *6 (E.D. Mich. July 13, 2016), *adopted*, 2016 WL 4607639 (E.D. Mich. Sept. 6, 2016) ("Threatt failed to exhaust his administrative remedies for his claims against defendants who have not appeared, such that they should be sua sponte dismissed pursuant to §§ 1915(e)(2)(B) and 1915A.").

(*Id.*)

Plaintiffs have not objected to this recommendation. Having reviewed the Report and Recommendation, the Court agrees that Plaintiffs' claims against Defendant Midland County should be dismissed for failure to exhaust administrative remedies. *See Dykes v. Fuller*, No. 18-11528, 2019 WL

12

4744433, at *5 (E.D. Mich. Sept. 30, 2019) (agreeing with the magistrate judge that sua sponte dismissal of claims against the unserved defendant is proper where the claims against the non-appearing defendant are the same as those against the appearing defendant, who has been dismissed for failure to exhaust administrative remedies), *aff'd*, 2020 WL 6257023 (6th Cir. July 10, 2020).

## IV. CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Plaintiffs' Objections (ECF Nos. 121, 122);

**(2) ADOPTS** Magistrate Judge Stafford's May 27, 2021 Report and Recommendation (ECF No. 117);

**(3) GRANTS** Defendant Advanced Correctional Healthcare, Inc.'s Motion for Summary Judgment (ECF No. 96); and

**(4)** sua sponte **DISMISSES** Plaintiffs' claims against Defendant Midland County.

IT IS SO ORDERED.

Dated: August 31, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge

13